UNITED STATES, Appellee,

v.

George L. POOLE III, Lance Corporal
U.S. Marine Corps, Appellant.

No. 96–1125.
Crim.App. No. 95–0097.

U.S. Court of Appeals for
the Armed Forces.

Argued April 9, 1997.

Decided Sept. 3, 1997.

Sullivan, J., filed concurring opinion.

For Appellant: *Lieutenant Commander Eric C. Price,* JAGC, USN (argued).

For Appellee: *Lieutenant Randy S. Kravis,* JAGC, USNR (argued); *Colonel Charles Wm. Dorman,* USMC (on brief).

*Opinion of the Court*

GIERKE, Judge:

A special court-martial composed of officer members convicted appellant, contrary to his pleas, of resisting apprehension and larceny, in violation of Articles 95 and 121, Uniform Code of Military Justice, 10 USC §§ 895 and 921, respectively. The adjudged and approved sentence provides for a bad-conduct discharge, confinement for 5 months, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

Our Court granted review of the following issues:

I

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN HE REFUSED TO INSTRUCT THE MEMBERS ON FINDINGS THAT MERE FLIGHT DOES NOT CONSTITUTE RESISTING APPREHENSION.

## II

WHETHER THE LOWER COURT ERRED BY HOLDING "THAT THE MILITARY JUDGE WAS CORRECT IN NOT PROVIDING THE MEMBERS WITH A SPECIAL DEFENSE INSTRUCTION ON THE THEORY OF MERE FLIGHT."

We hold that the military judge did not err by refusing to give the requested instruction, and so the lower court did not err by upholding the military judge's ruling.

Appellant was suspected of stealing stereo components. While military criminal investigators were searching his barracks room for stolen property, appellant ran out of the barracks. He was pursued by three criminal investigators, Staff Sergeant (SSgt) Spanier, SSgt Parker, and Lance Corporal McDonald. Appellant ran to a parking lot, got into his car, and began backing out of a parking space. SSgt Parker testified that he opened the passenger's side door and told appellant to stop. SSgt Spanier stood in front of appellant's car, put up his hands, and ordered appellant to stop. Appellant drove forward, and SSgt Spanier jumped onto the hood to avoid being struck. While SSgt Spanier was on the hood, appellant made a sharp right turn, throwing SSgt Spanier from the vehicle.

Appellant testified that he did not hear anyone telling him to stop and that he did not see SSgt Spanier in front of his car until SSgt Spanier was on the hood. He testified that he saw SSgt Spanier roll off the hood but that he did not stop because he was frightened.

Defense counsel asked the military judge to give the following instruction:

To resist apprehension a person must actively resist the restraint attempted to be imposed by the person apprehending. This resistance may be accomplished by assaulting or striking the person attempting to apprehend. The Government has alleged that the accused resisted apprehension from SSgt Spanier by fleeing. The defense has put on evidence that the

accused was trying to flee from SSgt Spanier. If you believe that the accused was only trying to flee from SSgt Spanier you may not convict him of the offense of Charge II Resisting Apprehension.

The military judge agreed to give the first two sentences of the requested instruction but refused to give the remainder. The military judge permitted defense counsel to argue that appellant was only trying to run away and that running away was not sufficient to "actively resist" the attempted apprehension. The military judge also instructed the members that aggravated assault was a lesser-included offense of resisting apprehension.

Appellant now argues that the military judge erred by refusing to instruct that mere flight does not constitute the active resistance required to establish the offense of resisting apprehension. The Government argues that "mere flight" was not raised by the evidence and that the military judge's definition of active resistance substantially covered the defense theory of "mere flight."

The concept of "mere flight" was addressed in *United States v. Harris*, 29 MJ 169 (1989), where this Court distinguished between avoiding apprehension and resisting apprehension, and held that mere flight was insufficient to constitute the offense of resisting apprehension. This Court revisited the issue in *United States v. Burgess*, 32 MJ 446 (1991), and adhered to *Harris*, holding that an accused who ignored a law enforcement agent's announcement that "you're under arrest" and drove away was not guilty of resisting apprehension.*

■ The military judge is required to give the members "appropriate instructions on findings." RCM 920(a), Manual for Courts-Martial, United States (1995 ed.). These instructions must include "[a] description of any special defense under RCM 916 in issue." RCM 920(e)(3). While counsel may request specific instructions, the military judge has substantial discretion in deciding on the instructions to give. *United States v.*

* In 1996, well after appellant's trial, Congress amended Article 95 to encompass flight from

apprehension. Pub.L.No 104–106, Div. A, Title XI, § 1112(a), 110 Stat. 461.

*Smith,* 34 MJ 200, 203 (CMA 1992); *see* RCM 920(c), Discussion.

■ Denial of a requested instruction is error if (1) the requested instruction is correct; (2) "it is not substantially covered in the main charge; and (3) it is on such a vital point in the case that the failure to give it deprived defendant of a defense or seriously impaired its effective presentation." *United States v. Damatta–Olivera,* 37 MJ 474, 478 (CMA 1993), quoting *United States v. Winborn,* 14 USCMA 277, 282, 34 CMR 57, 62 (1963). The military judge's refusal to give an instruction is reviewed for abuse of discretion. *Id.*

■ "Mere flight" is not among the special defenses listed in RCM 916. "Mere flight" also does not negate an element of the offense of resisting apprehension. *See* para. 19b(1), Part IV, Manual, *supra.* Instead, it describes conduct that falls short of active resistance. *See Burgess,* 32 MJ at 447–48; *Harris,* 29 MJ at 173. Accordingly, we conclude that appellant was not entitled under RCM 920(e) to an instruction on "mere flight" as a special defense.

Analyzing the military judge's refusal to give the requested instruction under the *Damatta–Olivera* criteria, we hold that the military judge did not err. In the first place, the requested instruction was not entirely correct because it misstated the issue by representing that "[t]he Government has alleged that the accused resisted apprehension from SSgt Spanier by fleeing." The prosecution theory was that appellant attempted to run over SSgt Spanier with his car.

Turning to the second criterion, we hold that the correct portions of the requested instruction were "substantially covered in the main charge." The military judge gave the first two sentences of the requested instruction. He told the members that active resistance to apprehension "may be accomplished by assaulting or striking" the policeman. He told the members that aggravated assault was a lesser-included offense, and he defined that offense. In effect, he told the members that appellant's resistance must rise to the level of an assault to constitute active resistance. Thus, there was no factual issue of "mere flight." Even appellant admitted that he caused SSgt Spanier to be thrown from the hood of his vehicle, a level of resistance well beyond "mere flight."

Finally, the military judge's ruling did not deprive appellant of a defense or impair presentation of the defense evidence. The military judge permitted the defense to present evidence and to argue that appellant was merely fleeing and that mere flight was not sufficient active resistance to constitute the offense. Accordingly, we conclude that the military judge did not abuse his discretion by refusing to give the requested instruction on "mere flight."

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges CRAWFORD and EFFRON concur.

SULLIVAN, Judge (concurring in the result):

I would affirm this case. The facts determine the outcome of this case. Appellant admits that he knew the man on his hood (hanging onto his windshield wipers) was a law enforcement agent. This testimony destroys the defense theory of "mere flight." Simply put, the defense is not reasonably raised by the evidence at trial. Consequently, the judge's instruction was adequate under *United States v. Harris,* 29 MJ 169 (CMA 1989).